IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CR289 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JEROME W. OSBERGER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant Jerome W. Osberger's (Osberger) motion to depose a witness (Filing No. 25).  The court held a hearing on the motion in connection with other pending motions by Osberger on December 23, 2008.  Osberger was present for the hearing with his counsel, John S. Berry, and the United States was represented by Assistant U.S. Attorney Sandra L. Denton.

Osberger seeks an order permitting the deposition of a witness, Hari Rana (Rana), located in Sydney, Australia, and for a transmittal of letters rogatory to accomplish the deposition.  Osberger asserts Rana is unwilling to cooperate with the defense and Rana's testimony is material to the defense.  During the hearing no testimony was adduced by either side and Osberger presented Exhibits 101 through 106.  A transcript of the hearing (TR.) was filed on December 29, 2008 (Filing No. 43).

A motion under Fed. R. Crim. P. 15(a) seeking a deposition should be granted only in exceptional situations.  This is especially true when seeking an international deposition.  The moving party has the burden of demonstrating the availability of the proposed witnesses, their willingness to appear, and the materiality of the testimony which it is expected they will give.  *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962); *United States v. Grado*, 154 F.Supp. 878 (W.D. Mo. 1957); *United States v. Glessing*, 11 F.R.D. 501 (D. Minn. 1951).  In a case where a foreign witness does not wish to appear or testify, for whatever reasons, granting a request for a Rule 15 deposition would be an exercise in futility.  *United States v. Olafson*, 203 F.3d 560, 567 (9th Cir. 2000).  The defendant must "at least make some plausible showing of how [the] testimony would have been both material and favorable to his defense." *United States v. Turning Bear*, 357

F.3d 730, 733 (8th Cir. 2004) (**quoting** *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982)).  Osberger has failed to carry this burden.  It is wholly unclear what Rama would testify to if he wanted to testify and whether such testimony would be exculpatory for Osberger (TR. 8-10).   Accordingly, Osberger's motion will be denied.

**IT IS ORDERED:**

Osberger's motion to take a deposition (Filing No. 25) is denied.

## ADMONITION

Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed  at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 8th day of January, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge