IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:08CR289 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| JEROME W. OSBERGER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's objections, Filing Nos. 45 and 47, to the report and recommendation of the magistrate judge, Filing No. 42. Defendant filed a motion to depose,[1] Filing No. 25, a motion to compel, Filing No. 27, and a motion to suppress, Filing No. 29, all of which were denied by the magistrate judge. The government charged the defendant in Counts I through IV of the indictment with devising and intending to devise a scheme and artifice to defraud for the purpose of obtaining money by means of materially false and fraudulent pretenses, representations, and promises by means of wire communications in interstate commerce, through certain writings, signs, and signals for the purpose of executing the scheme and artifice to defraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the report and recommendation to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has carefully reviewed the objections, relevant law, and the entire record including the transcript of the motion to

---

[1] The motion to depose will not be dealt with in this order, but will instead be decided in a hearing set by separate order of this court.

compel and the motion to suppress hearing, Filing No. 43. After reviewing the record and the relevant case law, the court determines it will adopt the report and recommendation of the magistrate judge on these two issues in its entirety.

The court adopts the factual and legal findings of the magistrate judge, Filing No. 43, and will only briefly summarize the facts for purposes of this memorandum and order. On or about September 21, 2006, between 7:30 and 8:00 a.m., two FBI agents, Gerald Bell and Bruce Batch, arrived at the defendant's residence in a subdivision near Melbourne, Florida, to conduct an interview with the defendant regarding his connection with Whitehall International Limited. After the agents identified themselves, the defendant invited the agents into his home and lead them to the kitchen, where an interview eventually took place. The agents informed the defendant that his cooperation with the interview was voluntary. Because the agents did not take defendant into custody, the agents did not read the defendant his *Miranda* rights. The agents did not intend to arrest defendant and did not restrict his movements in any way. The interview lasted for approximately an hour. The defendant never requested an attorney; however, the defendant did mention his attorney's name, Ed Kinberg, when Agent Bell questioned the defendant about an invoice that listed attorney fees.

The magistrate judge determined that the defendant engaged in a consensual encounter with the agents at the time he made the statements. The consensual encounter did not rise to the level of a custodial interrogation, and therefore the defendant did not need to be advised of his *Miranda* rights. *United States v. Woods*, 213 F.3d 1021, 1023 (8th Cir. 2000). In addition, looking at the totality of the circumstances, the magistrate

judge determined that the defendant voluntarily made his statements to the agents. *Mincey v. Arizona*, 437 U.S. 385 (1978).

In his motion to compel, defendant requests that the government specify which of the documents it provided in discovery that it actually intends to use at trial. The magistrate judge determined that a motion to compel is not a discovery device and denied the motion.

### *Discussion*

Defendant objects to the magistrate judge's determination that the defendant voluntarily made statements to Agent Gerald Bell and Agent Batch and that the government satisfied its obligations in regards to the defendant's motion to compel.

*A. Motion to Suppress*

Defendant argues that the court should suppress the statements given to Agent Bell and Agent Batch on or about September 21, 2006, because the defendant made the statements involuntarily. The court must look at the totality of the circumstances when it determines the voluntariness of a statement. *Mincey*, 437 U.S. at 401. In the case at hand, the defendant invited the agents into his home after greeting them at the door and viewing their credentials. The agents informed the defendant that his conversation with them was voluntary, and thus the agents did not read the defendant his *Miranda* rights. *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him in custody. *Oregon v. Mathiason* 429 U.S. 492, 495 (1977). The court finds that the agents did not restrict the defendant's movements or threaten the defendant during the interview. Additionally, the interview took place in the defendant's home and not a police-dominated atmosphere.

3

Judging by the totality of the circumstances, the agent's interview never rose to the level of a custodial interrogation and, therefore, it never triggered the defendant's right to receive his *Miranda* warning. The court agrees with the magistrate judge's findings that the defendant voluntarily made the statements to the agents. The court finds the magistrate judge's report and recommendation is adopted in this regard.

*B. Motion to Compel*

Defendant argues that the court should grant the motion to compel and order the government to specify which documents it plans to use in its case-in-chief. Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure states that "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed. R. Crim. P. 12(b)(4)(B). The documents the defendant is referring to are governed by Rule 16(a)(1)(E) which states that:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

In the defendant's brief in support of the motion to compel, the defendant cites *United States v. Turkish*, 623 F.2d 769 (2d Cir. 1980),[2] wherein the court required the

---

[2] The defense cited the Second Circuit case of *United States v. Turkish*, 623 F.2d 769 (2d Cir. 1980), even though it referred to, and apparently had intended to cite, the district court case of *United States v. Turkish*, 458 F. Supp. 874 (S.D. N.Y. 1978).

4

government to identify which of the 25,000 documents relating to the case it intended to offer, use, or refer to at trial. *United States v. Turkish*, 458 F. Supp. 874, 882 (S.D.N.Y. 1978). The defendant also cites *United States v. Poindexter*, 727 F. Supp. 1470 (D.D.C. 1989), where the court ordered the government to "identify with greater specificity those among [the] thousands of documents . . . it intends to use at trial," after the government produced over 300,000 pages of documents in response to the defendant's request for discovery. *Id*. at 1472, 1484. *Turkish* and *Poindexter* are distinguished from the case at hand, because the government in this case has made available approximately 5,000 documents, consisting mainly of email communications between the defendant and the victim. Additionally the government identified those documents it intends to use at trial that relate to the counts in the indictment. This court determines that the government has satisfied its obligations for both the defendant's motion to compel under Rule 12(b)(4)(B) and for discovery under Rule 16. The court finds that the government satisfied these obligations by specifying which documents it associated with the four counts of the indictment as well as providing the additional 5,000 pages of discovery to the defendant.

The defendant further argues that this court should grant the motion because of fundamental notions of fairness in order to allow the defendant to adequately prepare for his defense. *United States v. Upton*, 856 F. Supp. 727 (E.D.M.Y. 1994). In *Upton*, the government failed to specify which of the "thousands of pieces of paper" corresponded with the twenty-nine count indictment. *Id*. at 747-8. Unlike *Upton*, as previously stated above, the government has specified which documents correspond with each count in the indictment. The court agrees with the magistrate judge's findings that Fed. R. Crim. P. 12(b)(4)(B) is "not a discovery device" and the defendant is not entitled to have the

5

government outline its case. The court adopts the magistrate judge's report and recommendation in this regard.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to suppress, Filing No. 29, and motion to compel, Filing No. 27, are denied.

2. Defendant's objections, Filing Nos. 45 and 47, to the report and recommendation of the magistrate judge are overruled.

3. The report and recommendation of the magistrate judge, Filing No. 42, is adopted in its entirety as to the motion to suppress and the motion to compel. The court by separate order and hearing will address the motion to depose.

DATED this 2nd day of March, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge