IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:08CR289 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JEROME W. OSBERGER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objection, Filing No. 25, to the report and recommendation of the magistrate judge, Filing No. 44. The magistrate judge held a hearing on the motion to depose on December 23, 2008, and filed a report and recommendation on January 8, 2009, Filing No. 44, wherein he recommended that this court deny the motion. On appeal from the magistrate judge's decision, the defendant presented facts and arguments in his brief, Filing No. 51, that were not presented to the magistrate judge. The presence of these additional facts and arguments caused this court to schedule a hearing. This court held a hearing on February 11, 2009.

The defendant is charged with four counts of wire fraud. Part of defendant's defense is that he intended to obtain financing for a loan in the amount of $35,000,000. In order to acquire funding for the loan, the defendant claims to have contacted a businessman from Sidney, Australia, named Hari Rana. The defendant is in possession of a letter that provides that Mr. Rana agreed to fund the loan if defendant met due diligence requirements. The defendant is seeking the testimony of Mr. Rana in order to show that Mr. Rana wrote the letter upon which the defendant relied upon as well as use Mr. Rana as a witness to introduce the letter into evidence.

At the hearing, the defendant requested that the judge grant the motion to depose and issue letters rogatory in order to allow counsel to depose the foreign witness. In exceptional circumstances, a district court may issue letters rogatory to depose a witness in a criminal case. Fed. R. Crim. P. 15(a); Fed. R. Civ. P. 28(b)(3). To establish exceptional circumstances, the moving party must show the witness's unavailability and the materiality of the witness's testimony. *U.S. v. Liner*, 435 F.3d 920, 924 (8th Cir. 2006). The defendant effectively showed that the witness he wishes to depose, Mr. Hari Rana, is an Australian citizen and is therefore unavailable. The defendant, however, failed to show that the witness's testimony is in fact material. The defendant admits that he does not know what the witness would say, he does not know if the witness would or could add anything material, and he does not know if the witness would even cooperate if he did show up for the deposition. Additionally, granting the motion to depose would substantially delay the trial. The defendant stated that the entire process would add anywhere from six months to one year to disposition of the case.

Finally, at the original hearing before the magistrate judge, the defendant argued that without Hari Rana's deposition, the defendant would have to waive his Fifth Amendment right in order to have a letter written by Mr. Rana admitted into evidence. The government stated at the hearing before this court that it was their belief that the letter would be admitted into evidence as an exception to the hearsay rule. The defendant intends to offer the letter to show the state of mind of the defendant, which is a recognized exception to hearsay. Therefore, the defendant will not face the Fifth Amendment waiver issue.

The defendant failed to meet his burden of showing that the witness's testimony is material. The court adopts the magistrate judge's report and recommendation.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to depose, Filing No. 25, is denied.

2. Defendant's objection with regard to the motion to depose, Filing No. 50, to the report and recommendation of the magistrate judge is overruled.

3. The report and recommendation of the magistrate judge, Filing No. 44, is adopted in its entirety as to the motion to depose.

DATED this 2nd day of March, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge